**FILED**
11:23 am Apr 03 2025
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY A. KEENER,** | ) | **CASE NO. 1:25 CV 00425** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **RONALD LEONHARDT, JR, et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Jeffrey A. Keener filed this action against Ronald Leonhardt, Jr., of Cross Country Mortgage; Tony George, of The George Group LLC; and Ilya Palatnik, "previous branch owner of Cross Country Mortgage." (Doc. No. 1). He seeks more than $500,000,000 in damages.

Plaintiff filed an application to proceed *in forma pauperis*. (Doc. No. 2). The application is granted.

### I. Background

Plaintiff's complaint is an incoherent narrative containing disjointed and obscure allegations. Plaintiff appears to allege the defendants conspired to do him harm. The complaint includes the following statements: the defendants "treated me as a snitch and snuck attacked me"; they used women to negatively affect his life "as far as possible paid abortions"; "they

know there is inconsistency in my procreation birth because of who my family is in American history and today"; and "being adopted, I believe abortion is murder." (Doc. No. 1 at PageID # 5). He states that he does not know the extent to which "these people" negatively affected his life, but he "wants answers to every crazy question," and "anything dealing with children must be investigated." (*Id.* at PageID # 6). He believes "something fishy was up my whole life." (*Id.* at PageID # 7).

In additional documents, he also states that "political influence is in play through donations at county and state[.] Civil Rights violations (Jewish)," and in support of his claims, he states that he was "beaten, repetitively, wrongful imprisonment[.] All the information is listed in lawsuits..." (Doc. No. 1-1 at PageID ## 11, 12). Finally, he states that beginning in 1999, the defendants used "political prowess, police, or personal to influence my life unbeknownst to me, to have me defamed, [im]prisoned, reproduction influence, beaten time and time again." (Doc. No. 1-2 at PageID # 18). And he states that every case with which he has been involved "was set up by one or all three owners of these corporations." (*Id.* at PageID # 19).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990);

*Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's complaint fails to meet even the most liberal reading of the Rule 8 pleading standard. His complaint fails to contain any viable federal civil claims within the jurisdiction of this Court or cite to any recognized legal authority. And his sparse factual allegations are at times wholly incredible and irrational. Plaintiff's conclusory statements that "the corporations conspired ... to do harm to Plaintiff," "Civil Rights violations," and that he has


been "beaten, repetitively, wrongful imprisonment" are nothing more than mere "unadorned, the defendant unlawfully harmed me accusations." *Iqbal*, 556 U.S. at 678. Plaintiff therefore fails to meet the minimum pleading requirements of Rule 8.

## IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), and the Court dismisses this case pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**